UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORNA Y. CHANNER,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | Case No. 3:11cv0135 (SRU) |
| LOAN CARE SERV. CENTER INC., et al.,<br>    Defendants. | :<br>:<br>: | |

## RULING ON OBJECTION TO REMOVAL

On February 1, 2011, the plaintiff, Lorna Channer, filed an objection to the notice of removal. Doc. #12. That objection will be treated as a motion to remand the case to state court. For the reasons that follow, the plaintiff's motion to remand is DENIED.

**I. Background**

On December 6, 2010, the plaintiff brought suit against the defendants (Loan Care Servicing Center, Inc.; Lending Key; Sovereign Bank; Bank of America; Mortgage Electronic Recording Systems, Inc.; Government National Mortgage Association; and John Does) in Superior Court in Connecticut. Doc. #1. In the suit the plaintiff sought, among other things, a declaration that she is the rightful owner of certain real property.

On January 25, 2011, the defendant Governmental National Mortgage Association ("Ginnie Mae") removed the case to federal court. *Id*. On January 30, 2011, the plaintiff filed an objection to the notice of removal. Doc. #12.

**II. Discussion**

Under 28 U.S.C. § 1442(a)(1), when a United States agency is sued in state court for an action committed in its official capacity, that agency may remove the action "to the district court of the United States for the district and division embracing the place wherein it is pending." The

plaintiff does not dispute that Ginnie Mae was acting in an official capacity during the course of events giving rise to this litigation.

Channer argues that Ginnie Mae cannot remove this action, because it does not "have Constitutional standing because they have never been harmed." Objection to Notice of Removal at ¶ 6. The doctrines of constitutional and prudential standing are primarily doctrines that govern whether a plaintiff can bring a lawsuit in the first place. Those analyses do not govern whether a defendant has the ability to remove the suit to federal court. Once Ginne Mae was named as a defendant in the plaintiff's lawsuit, it had the power to remove the case to federal court under 28 U.S.C. § 1442(a)(1).

The plaintiff's argument that Ginnie Mae cannot remove the case because there is no diversity jurisdiction here is similarly unavailing. Although defendants can remove cases to federal court when there is diversity jurisdiction, that is not the only circumstance in which they can do so. Another instance is where, as here, a United States agency is sued for actions committed in its official capacity.

### III. Conclusion

For the reasons stated above, I conclude that this case was properly removed to federal court. Accordingly, the plaintiff's objection to the notice of removal is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut this 16th day of March 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge