| | | |
|---|---|---|
| LORNA Y. CHANNER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:11cv135 (SRU) |
| | : | |
| LOAN CARE SERV. CTR., INC., et al., | : | |
| Defendants. | : | |

## RULING ON MOTION FOR RECONSIDERATION

The plaintiff, Lorna Y. Channer, appearing *pro se*, moves for reconsideration of the court's order denying her motion to remand her case to state court. Doc. 22. Channer primarily argues that the case should be remanded because the applicable law in the case is state law, and because the defendant has no standing. For the following reasons, the motion for reconsideration is DENIED.

### I.   Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,

1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4778).

## II.  Discussion

Channer argues that my ruling denying her motion to remand was misplaced because (1) state law controls this case, and (2) the defendant, the Governmental National Mortgage Association ("Ginnie Mae"), does not have standing.  Channer's arguments are nothing more than an attempt to relitigate the underlying motion to remand.  I address each argument in turn.

First, Channer argues that her motion to remand should be granted because "state substantive law controls the rights of note and lien holders."  Federal jurisdiction is conferred here because Channer has sued Ginnie Mae, among others.  Under 28 U.S.C. § 1442(a)(1), when a United States agency is sued in state court for an action committed in its official capacity, that agency may remove the action "to district court of the United States for the district and division embracing the place wherein it is pending."  Federal courts can apply state substantive law, and thus the presence of state causes of action does not affect federal jurisdiction.

Channer next argues that Ginnie Mae does not have standing to remove the case to federal court.  Channer states that a "plaintiff must have Constitutional standing in order for a federal court to have jurisdiction."  Channer is correct, but she is the plaintiff in this case, not Ginnie Mae.  Standing is not a doctrine that applies to *defendants* in this case, and thus Channer's standing argument is misplaced.[1]

## III.  Conclusion

---

[1] Channer also argues that Ginnie Mae does not have standing to make a claim to her property. That argument goes to the merits of her lawsuit, not to whether there is federal jurisdiction in this case.

For the reasons set forth above, Channer's motion for reconsideration (doc. 22), is

DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut this 14th day of June 2011.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge