UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORNA Y. CHANNER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11cv135 (SRU) |
| | : | |
| LOAN CARE SERV. CTR., INC., et al., | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR RECONSIDERATION**

The plaintiff, Lorna Y. Channer, appearing *pro se*, moves for reconsideration of the court's oral ruling granting the defendants' motions to dismiss. Doc. 47. Because the plaintiff has failed to show that the prior ruling was clear error, the motion for reconsideration is DENIED.

**I.   Background**[1]

  A.   The Mortgage

---

[1] Many of the facts in this section are derived from Channer's complaint, but some facts, where noted, are derived from materials attached to the defendants' briefs. Although typically a court's consideration of outside materials transforms a motion to dismiss into a motion for summary judgment, when a court "confines its consideration of extraneous material to 'matters of which judicial notice may be taken,' those matters . . . do not require that the Rule 12(b)(6) motion be converted to a summary judgment motion." *Milo v. Galante*, Civ. No. 3:09cv1389, 2011 WL 1214769, at *3 (D. Conn. Mar. 28, 2011).
    A court at the motion to dismiss stage is permitted to take judicial notice of any items attached to the complaint or incorporated in it by reference. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). A court may also take into consideration a document on which the complaint solely relies and which is integral to the complaint, even if it is not incorporated by reference. *Id.*
    Finally, a court may "take judicial notice of certain public records, such as the content of prior court decisions, even when those public records have not been referenced by the Complaint." *Northrop v. United States*, Civ. No. 3:07cv20, 2008 WL 4447101, at *1 (D. Conn. Aug. 28, 2008); *see also Can v. Goodrich Pump & Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 246 (D. Conn. 2010) ("On a motion to dismiss under Rule 12(b)(6), judicial notice may be taken of other judicial documents that might provide the basis for issue preclusion.").

Channer is a Connecticut resident who owns property located at 52 Craigs Road, in Windsor, Connecticut.  Compl. at ¶¶ 1, 8-9.  Channer took sole possession of the home after divorcing her husband.  MERS' Mot. to Dismiss, Ex. A.  Their February 18, 2009 divorce agreement noted that:

> The wife shall be solely responsible for, and indemnify and hold harmless the husband from, any and all costs associated with the home, including but not limited to any loan, mortgage, home equity lines of credit, tax, insurance, utility or other payments.
>
> The wife shall make all best efforts to consummate the refinance of the property at 52 Craigs Road, Windsor, CT, within 60 days of today's date.  She shall remove the husband's name from any encumbrances on said property, and upon the date of the refinance, she shall pay the husband the sum of $56,250.00.  Said sum shall be considered a property settlement from the wife to the husband.  Should the wife be unable to refinance the property, the parties may bring this matter back to court for resolution of this matter, and the court shall retain jurisdiction for that purpose.

*Id.*, Ex. A at 3-4.

On August 31, 2009, Channer entered into a mortgage transaction with defendant Lending Key for $159,137.  *Id*., Ex C.  The security instrument may have been given to MERS, as a nominee for Lending Key, *id.* at 5, although Channer states that MERS never held the promissory note.  Compl. at ¶ 13.  On September 30, 2010, MERS assigned the mortgage to Loan Care.  *Id.*, Ex. D.

At some point, Channer alleges, Loan Care told Channer the mortgage was sold to the Government National Mortgage Association ("Ginnie Mae").  Compl. at ¶¶ 2-3.  Ginne Mae eventually sold the note back to Loan Care.  *Id.*  According to Channer, this event bifurcated the mortgage, which resulted in the note becoming unsecured.  *Id.* at ¶¶ 4, 13.

Channer claims that the defendants "have no legal or equitable right, claim, or interest" in her property, and seeks a declaration to that effect.  *Id.* at ¶¶ 19, 21.

   B.  The Bankruptcy Proceedings

On April 16, 2010, Channer filed for bankruptcy.  Loan Care's Mot. to Dismiss, Ex. G.  On May 6, 2010, Channer filed an adversary proceeding in bankruptcy court against Loan Care, Lending Key, and MERS.  *Id.*, Ex. I.  That adversary proceeding, like the complaint here, sought to determine the validity of the lien on the property and determine the dischargeability of any debt.  *Id.*, Ex. J at 3.  Channer's complaint alleged that the defendants had violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Home Owner's Equity Protection Act, the Fair Credit Reporting Act, and various state torts.  *Id.*, Ex. J at 7-8.  United States Bankruptcy Judge Albert Dabrowski dismissed the adversary proceeding complaint on August 12, 2010.  *Id.,* Ex. L.  Judge Dabrowski noted that a cause of action is an asset of the bankruptcy estate.  Judge Dabrowski held that only the bankruptcy trustee had standing to assert Channer's claims against the defendants.  *Id.*

Judge Dabrowski discharged Channer's debt on November 3, 2010.  The plaintiff brought this claim in state court on December 9, 2010.  The case was removed on January 25, 2011.

C.  The Motions to Dismiss Ruling

On July 15, 2011, I held a hearing on the pending motions to dismiss.  At that time, I held that the claims Channer was attempting to bring belonged to the bankruptcy estate and had not been abandoned, and that as a result, she did not have standing to pursue her claim.  Accordingly, I granted the defendants' motions to dismiss.  It is that decision that Channer now seeks to have me reconsider.

**II.    Standard of Review**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4778).

**III.    Discussion**

Channer seeks reconsideration of the ruling granting the motions to dismiss because (1) some of the documents before the Court are forgeries, (2) there are genuine issues of fact in dispute, and (3) the mortgage at issue is invalid. Almost all of Channer's arguments go to the merits of the case. I cannot, however, consider the merits of the case, because Channer does not have standing to pursue this action.

In order to bring a lawsuit, a plaintiff must have "standing" to do so. "Standing" reflects who the appropriate person to bring the lawsuit is. A "debtor or former debtor does not have standing to pursue claims that constitute property of a bankruptcy estate." *Tilley v. Anixter Inc.*, 332 B.R. 501, 507 (D. Conn. 2005) (citing *Seward v. Devine*, 888 F.2d 957 (2d Cir. 1989)). Thus, the critical issue here is whether Channer's causes of action belong to her bankruptcy estate.

"Any cause of action that a debtor possesses at the time she files for bankruptcy is included in the bankruptcy estate." *Tilley*, 332 B.R. at 507. Channer entered into the mortgage transaction at issue on August 31, 2009. She filed for bankruptcy on April 16, 2010. MERS

assigned her mortgage to loan Care on September 30, 2010, and Loan Care sold the mortgage to Ginnie Mae at some unspecified later date. Thus, because Channer's complaint principally hinges on these later sales – where she believes the note and the mortgage became bifurcated – not the original mortgage agreement, it appears that the cause of action accrued after her petition for bankruptcy was filed. Channer's debt was discharged on November 3, 2010, and the case has not been closed.

District of Connecticut courts are split on whether a cause of action that accrues after the bankruptcy petition has been filed, but before the bankruptcy case is closed, is included in the bankruptcy estate. Several Connecticut courts have suggested that those causes of action are categorically included in the bankruptcy estate. *Tilley*, 332 B.R. at 507-08 ("Causes of action that accrue after the filing of the bankruptcy petition are included in the bankruptcy estate if they accrue before termination of the bankruptcy proceeding."); *Correll v. Equifax Check Servs., Inc.*, 234 B.R. 8, 11 (D. Conn. 1997). In support, those courts cite 11 U.S.C. § 541(a)(7), which states that a bankruptcy estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." (emphasis added).

Other courts have held that there is "no bright-line test for whether a cause of action that accrues post-petition [but while the bankruptcy case is still open, as it is here] will be included as part of the bankruptcy estate." *Charts v. Nationwide Mutual Ins. Co.*, 300 B.R. 552, 557-58 (D. Conn. 2003) (internal punctuation omitted). Those courts have held that courts attempting to determine whether a post-petition cause of action is the property of the bankruptcy estate "should consider whether the cause of action is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start." *Charts*, 300 B.R.

552, 557-58 (D. Conn. 2003) (citing *Segal v. Rochelle*, 382 U.S. 375 (1966), and noting it was still controlling despite revision of bankruptcy code in 1978).

Based on those guidelines, Channer's causes of action belong to the bankruptcy estate, regardless of whether I take a categorical approach.  Channer's claim is directly tied to the pre-petition act of entering into a mortgage agreement.  Moreover, the continued existence of that mortgage directly affects the value of Channer's residence, which is part of the bankruptcy estate.  Both the residence and the secured claim were listed in Channer's bankruptcy schedule.  Therefore, Channer's causes of action belong to the estate.

When a cause of action belongs to the bankruptcy estate, typically that claim can only be brought by the trustee, unless the trustee has abandoned the claim.  *Tilley*, 332 B.R. at 508.  A trustee may abandon the estate's <u>scheduled</u> property either after notice and a hearing, or by failing to administer the claim before the close of the bankruptcy case.  11 U.S.C. §§ 554 (a)-(c).  <u>Unscheduled</u> property can never be abandoned without the trustee's satisfaction of the notice and hearing requirements.  *Tilley*, 332 B.R. at 508.

Channer does not allege that the trustee held a notice and hearing in order to abandon her causes of action.  This is particularly important because Channer does not claim that her causes of action were scheduled on her bankruptcy petition.  Moreover, the case is still open, so the claim cannot be deemed to have been abandoned under section 554(c).  Therefore, Channer has no standing to proceed in this case.

None of Channer's arguments in her motion for reconsideration pertain to whether she has standing.  Channer now argues that the mortgage documents have been forged, but that issue pertains to the merits of Channer's causes of action, not her ability to bring them.  Similarly, although Channer argues that there are genuine issues of fact in dispute, that fact is irrelevant

because Channer cannot bring the claim. Finally, Channer argues that the defendants do not have standing, and thus that the motions to dismiss were improper. The issue of standing relates not to defendants, but to the plaintiff, and whether the plaintiff has the legal authority to sue. Therefore, the standing question does not affect the ability of the defendants to file motions to dismiss.

## IV.    Conclusion

The plaintiff has failed to demonstrate that there has been an intervening change of controlling law, that there is new evidence available, or that there was a clear error in the previous ruling on the defendants' motions to dismiss. Therefore, the plaintiff's motion for reconsideration (doc. 47) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1st day of November 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge